

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FANAYE TURNER,

Plaintiff,

v.

UNIVERSITY OF WASHINGTON and, BUDDY RATNER,

Defendants.

No. C05-1575RSL

ORDER DENYING DEFENDANTS' MOTIONS IN LIMINE

This matter comes before the Court on "Defendants' Motions In Limine" (Dkt. #23). In their motions, defendants move to exclude: (1) evidence concerning a racist comment allegedly made by Jeri Staley-Earnst, the Administrative Director of University of Washington Engineered Biomaterials ("UWEB") program; and (2) evidence concerning sexual behavior and comments allegedly made by defendant Buddy Ratner toward plaintiff. Motion at 1. Defendants move to exclude this material under Fed. R. Evid. 104, 402, and "[i]n order to keep this case manageable and on target." Reply at 6. For the reasons set forth below, the Court denies defendants' motions in limine.

**1. Race-Based Comment**

Defendants move under Fed. R. Evid. 402 and 403 to exclude a racist comment allegedly made by Ms. Staley-Earnst to Tom Grames, who was hired as a temporary employee to fill the

position of Program Coordinator for UWEB's Education and Outreach program, because the comment "is not probative of racial bias on the part of any decision-maker." Motion at 2-3; see Dkt. #50 at 2. In opposition, plaintiff contends that this comment is relevant because it was "made in the context of the hostile and abusive work environment Ms. Staley-Earnst was creating, and the hyper-scrutiny she was imposing on Ms. Turner," and because "Ms. Staley-Earnst was a decision maker in many decisions alleged by Ms. Turner as part of her hostile and disparate treatment case." Response at 2. "Unless evidence [is clearly admissible on all potential grounds], evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." Hawthorne Partners v. AT&T Techs., Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993); see also 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2885 ("In nonjury cases the district court can commit reversible error by excluding evidence but it is almost impossible for it to do so by admitting evidence.").

In this case, given the fact-specific nature of the circumstances surrounding this comment, the Court DENIES defendants' motion in limine. The Court will consider objections to this material at the time of trial when the comment can be presented in the appropriate context. The Court bases its ruling on the expectation that the development of this context at trial, however, will not involve a presentation of cumulative evidence or waste of time. See Fed. R. Civ. P. 403. Accordingly, "the court's ruling regarding [this] motion in limine is 'subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the . . . proffer." Wechsler v. Hunt Health Sys., Ltd., 381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003) (quoting Luce v. United States, 469 U.S. 38, 41 (1984) (ellipsis in original).

**2. Alleged Romantic Interest**

Defendants also move to exclude evidence concerning alleged romantic advances by defendant Buddy Ratner toward plaintiff. Defendants do not point to any evidentiary rule for

exclusion of this material, but instead contend that it should be excluded because plaintiff has not shown that the alleged sexual advances constitute a "protected activity" to support her retaliation claim. Motion at 6. As defendants concede in their motion, however, "[t]o determine whether these actions were protected, the court must consider the setting in which the activity arose and balance the interest and motivations of the employer and employees." Id. This fact-specific inquiry is best addressed at trial, not on the narrow record before the Court on defendants' motions in limine. Accordingly, the Court DENIES defendants' motion in limine. However, as with the context surrounding the race-based comment, the Court bases its ruling on the expectation that presentation of the material concerning alleged sexual advances toward plaintiff will not result in cumulative evidence or cause undue delay. See Fed. R. Civ. P. 403.

For all of the foregoing reasons, "Defendants' Motions In Limine" (Dkt. #23) is DENIED.

DATED this 10th day of October, 2007.

Robert S. Lasnik
United States District Judge