UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
FANAYE TURNER,                          )
                                        )   No. C05-1575RSL
                Plaintiff,              )
        v.                              )
                                        )   ORDER DENYING DEFENDANTS'
UNIVERSITY OF WASHINGTON and,           )   MOTION IN LIMINE REGARDING
BUDDY RATNER,                           )   DISPARATE DISCIPLINE
                                        )
                Defendants.             )
_____)

This matter comes before the Court on "Defendants' Motion In Limine Re Disparate Discipline" (Dkt. #24). In their motion, defendants "move the Court for an order in limine prohibiting plaintiff from arguing or attempting to introduce evidence of disparate discipline." Id. at 1. Defendants identify eight events that they contend should be excluded as evidence of disparate discipline: (1) an April 2002 incident between plaintiff and Kahreen Tebeau; (2) a March 2003 incident between plaintiff and Nina Hanlon; (3) incidents involving Alma Weightman and Judy Peterson; (4) a complaints by Colleen Irwin against Jeff Bonadio; (5) a conflict between plaintiff and Michelle Barnett; (6) an incident between plaintiff and Ms. Weightman; (7) an incident between Verle Johnson and Victoria Clarkson; and (8) an incident involving Shari Ireton. Motion at 2-7; Reply at 3-6.

Defendants contend that these incidents have been identified by plaintiff as supporting

ORDER DENYING DEFENDANTS'
MOTION IN LIMINE REGARDING
DISPARATE DISCIPLINE

her assertion of disparate discipline, but "[i]n order for disparate discipline evidence to be admissible . . . it is necessary for the plaintiff to establish specific foundational elements: i.e. that the nonprotected employee is similarly situated and that the same decision-makers were involved." Reply at 1. Defendants contend that the workplace conflicts identified do not involve similarly situated persons. Reply at 3. For this proposition, defendants rely exclusively on Fed. R. Evid. 104, contending simply that plaintiff "cannot meet the foundational requirements for its consideration." Motion at 2. In response, plaintiff contends that "whether a comparator employee is similarly situated is ordinarily a question of fact for the trier of fact to decide," and therefore, this issue should be reserved for trial. Response at 16 (citing Johnson v. Dep't of Social and Health Servs., 80 Wn. App. 212, 230 (1996); Graham v. Long Island R.R., 230 F.3d 34, 39 (2d Cir. 2000)).

     In ruling on a motion in limine, the Court must decide the merits of introducing a piece of evidence or allowing testimony without the benefit of the context of a trial. For this reason, Fed. R. Evid. 103 empowers the court to make "a definitive ruling on the record admitting or excluding evidence, either at or before trial." Fed. R. Evid. 103(a) (emphasis added). "Evidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds. A court considering a motion in limine may reserve judgment until trial, so that the motion is placed in the appropriate factual context." Wechsler v. Hunt Health Sys., Ltd., 381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003); see also 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2885 ("In nonjury cases the district court can commit reversible error by excluding evidence but it is almost impossible for it to do so by admitting evidence."); Edward J. Imwinkelried, Evidentiary Foundations § 1.03[2] (6th ed. 2005) ("As the Advisory Committee Note to Rule 104(a) states, the technical evidentiary rules are generally viewed as 'the child of the jury system,' and therefore there is no need to apply those rules when the judge is the factfinder."). In light of this

ORDER DENYING DEFENDANTS'
MOTION IN LIMINE REGARDING
DISPARATE DISCIPLINE          -2-

authority, the Court turns to defendants' motion in limine.

The cursory legal analysis offered by defendants provides the Court with minimal justification to preclude this evidence at trial. The Court construes defendants' motion as contending that the eight identified incidents are not <u>relevant</u> as evidence of disparate treatment because plaintiff cannot show that the employees involved in these incidents are similarly situated or that the decision makers are the same. As a result, the Court also construes defendants' "foundational" motion under Fed. R. Evid. 104 as falling within the scope of Rule 104(b) "Relevancy conditioned on fact," which states: "When relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition."

"When an item of evidence is conditionally relevant . . . it is customary to permit [the offering party] to introduce the evidence and 'connect it up' later. Rule 104(b) continues this practice, specifically authorizing the judge to admit the evidence 'subject to' proof of the preliminary fact. It is, of course, not the responsibility of the judge sua sponte to insure that the foundation evidence is offered; the objector must move to strike the evidence if at the close of the trial the offeror has failed to satisfy the condition." <u>Huddleston v. United States</u>, 485 U.S. 681, 690 n.7 (1988) (quoting 21 C. Wright & K. Graham, <u>Federal Practice and Procedure</u> § 5054, pp. 269-270 (1977) (internal quotation marks omitted). The Court will follow this procedure with respect to proffered evidence concerning disparate discipline because "[t]he issue of similarly situated status is . . . fact specific and defies a mechanical or formulaic approach." <u>Bowden v. Potter</u>, 308 F. Supp. 2d 1108, 1117 (N.D. Cal. 2004) (reviewing Ninth Circuit law on "similarly situated").

For all of the foregoing reasons, the Court DENIES "Defendants' Motion In Limine Re

Disparate Discipline" (Dkt. #24).[1]

DATED this 10th day of October, 2007.

*MWT S Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] The Court also denies defendants' "Motion to Strike" which they combined with their reply in support of their motion in limine. See Dkt. #45 at 1. However, the Court finds that plaintiff failed to comply with Local Civil Rule 7 by filing a twenty-page response without first requesting leave to do so under Local Civil Rule 7(f). Because of this oversight by plaintiff, any future violations of Rule 7 in this case by plaintiff may result in the imposition of sanctions by the Court.

ORDER DENYING DEFENDANTS'
MOTION IN LIMINE REGARDING
DISPARATE DISCIPLINE                    -4-