1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10
11
12
13
14

```
_____
                                 )
FANAYE TURNER,                   )
                                 )
                    Plaintiff,   )
        v.                       )
                                 )
UNIVERSITY OF WASHINGTON and,    )
BUDDY RATNER,                    )
                                 )
                    Defendants.  )
_____)
```

No. C05-1575RSL

ORDER GRANTING PLAINTIFF'S
MOTION IN LIMINE TO EXCLUDE
EVIDENCE AND INFORMATION
RE: WESTMINSTER EMPLOYMENT
PRIOR LAWSUIT

## I.  INTRODUCTION

15
16
17
18
19
20
21
22

This matter comes before the Court on "Plaintiff's Motion In Limine to Exclude
Evidence and Information re: Westminster Employment Prior Lawsuit" (Dkt. #25).  In her
motion, plaintiff seeks to exclude documents and information regarding her former employment
by Westminster College and her lawsuit that followed this employment filed in 1991 in the
United States District Court for the District of Utah (the "Westminster information").  For the
reasons set forth below, the Court grants plaintiff's motion in limine under Fed. R. Evid. 404(b)
and 403.

## II.  DISCUSSION

23
24
25

Federal Rule of Evidence 404(b) states: "Evidence of other crimes, wrongs, or acts is not
admissible to prove the character of a person in order to show action in conformity therewith.  It

26

ORDER GRANTING PLAINTIFF'S MOTION
IN LIMINE REGARDING WESTMINSTER
EMPLOYMENT AND LAWSUIT

may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]"  In the Ninth Circuit, "[t]he appropriate test to determine admissibility under Rule 404(b) . . . provides:  (1) the other act evidence must tend to prove a material point; (2) the other act must not be too remote in time; (3) the evidence must be sufficient to support a finding that the defendant committed the other act; and (4) in some cases, the other act must be similar to the offense charged."  United States v. Bibo-Rodriguez, 922 F.2d 1398, 1400 (9th Cir. 1991).  "[E]ven if all four conditions are met, the evidence may still be excluded if under a Federal Rule of Evidence 403 analysis its probative value is substantially outweighed by the danger of unfair prejudice."  Id. at 1400-01.  Based on this authority, the Court first finds that defendants have not shown that the they are offering the Westminster information for a material point other than that plaintiff's actions at the University of Washington are in conformity with actions taken at Westminster College, which is the type of character evidence expressly precluded by Rule 404(b).  As defendants state in their response, "the evidence is being introduced for the purpose of showing the striking similarities between Ms. Turner's dispute involving Westminster College and her dispute against the University of Washington and Dr. Ratner."  The Westminster information is distinguishable from the evidence allowed in Gastineau v. Fleet Mortgage Corp., 137 F.3d 490, 495 (7th Cir. 1998), a case cited by defendants, where the court allowed evidence of a common scheme or plan "of creating fraudulent documents in anticipation of litigation against his employers."  Here, defendants have not asserted that the Westminster information evinces a plan or "modus operandi" by plaintiff.  Id.  The Court also finds that the Westminster information is too remote time to be admissible, since the Westminster lawsuit was filed in 1991, and plaintiff was last employed by Westminster College in 1990.

The Court also excludes the Westminster information under Fed. R. Evid. 403 because the Court finds that the marginal probative value of fifteen-year-old material is substantially

outweighed by the risk of unfair prejudice to plaintiff and would result in confusion of the issues.  In order to admit the Westminster information, the Court would also effectively have to conduct a mini-trial on the facts at issue in the 1991 District of Utah case, which would both confuse the number fact-intensive allegations in this case, see Dkt. #2 (Complaint), and result in undue delay.

### III.  CONCLUSION

For all of the foregoing reasons, "Plaintiff's Motion In Limine to Exclude Evidence and Information re: Westminster Employment Prior Lawsuit" (Dkt. #25) is GRANTED.

DATED this 10th day of October, 2007.

_MMS Casnik_
Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION
IN LIMINE REGARDING WESTMINSTER
EMPLOYMENT AND LAWSUIT                    -3-