1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
FANAYE TURNER,                          )
                                        )          No. C05-1575RSL
                     Plaintiff,         )
          v.                            )
                                        )          ORDER GRANTING IN PART,
UNIVERSITY OF WASHINGTON and,           )          DENYING IN PART, AND
BUDDY RATNER,                           )          RESERVING IN PART PLAINTIFF'S
                                        )          GENERAL MOTION IN LIMINE
                     Defendants.        )
_____ )

        This matter comes before the Court on "Plaintiff's General Motion In Limine" (Dkt.

#26).  In her motion, plaintiff presents thirteen separate issues for the Court's consideration.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, and the

remainder of the record, the Court finds as follows:

        **1.      Collateral Source Benefits**

        Plaintiff moves to exclude any reference to collateral source benefits.  See Motion at 2.

This motion is unopposed by defendants and therefore plaintiff's motion is GRANTED.  See

Response at 1.

        **2.      Defendants' Financial Status**

        Plaintiff moves to preclude defendants from presenting evidence of their "financial status,

lack of insurance, insurance policy limits, or the effect of Plaintiff's claim on taxpayers or its

ORDER GRANTING IN PART, DENYING IN
PART, AND RESERVING IN PART PLAINTIFF'S
GENERAL MOTION IN LIMINE

insurance rates." Motion at 3.  This motion is unopposed by defendants and therefore plaintiff's
motion is GRANTED.  See Response at 1.

### 3. Settlement Negotiations/Offers to Compromise

Plaintiff moves to exclude "[r]eference to [compromise] negotiations and offers of
settlement."  Motion at 3.  This motion is unopposed by defendants, subject to a reservation that
if plaintiff moves to introduce a Tort Claim Letter dated July 23, 2004, defendants shall be
granted the right to respond.  See Response at 1.  Plaintiff's motion is GRANTED subject to
defendants' reservation regarding the July 23, 2004 letter.

### 4. Exclusion of Evidence Not Disclosed During Discovery

Plaintiff moves to exclude "evidence not disclosed by Defendant [sic] in their Initial
Disclosures or in response to Plaintiff's discovery requests."  Motion at 1.  Plaintiff specifically
seeks to exclude exhibits 563 and 659 contending that these exhibits were first presented in
defendants' pretrial statement.  See Motion at 4.  The Court finds that these exhibits were
disclosed to plaintiff before the close of discovery, and therefore plaintiff's motion is DENIED
on this basis.  See Response at 1; Dkt. #39 (Madden Decl.) at Ex. 4.  Plaintiff also moves to
exclude "any evidence regarding issues and documents for which defendants claimed attorney
client or work product privilege, including any and all investigations, if any, undertaken by the
Attorney General's office in response to Ms. Turner's internal complaints and tort claim."
Motion at 4.  Plaintiff, however, failed to identify and produce for the Court's review, the
material to be excluded.

"The privilege which protects attorney-client communications may not be used both as a
sword and a shield."  Chevron Corp. v. Pennzoil Co., 974 F.2d 1156, 1162 (9th Cir. 1992).  "In
a similar vein, a party cannot introduce a document as evidence while denying the opponent
sufficient discovery with respect to the surrounding circumstances and substance of the
document."  Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D. 303, 311 (E.D. Pa. 2007)

ORDER GRANTING IN PART, DENYING IN
PART, AND RESERVING IN PART PLAINTIFF'S
GENERAL MOTION IN LIMINE                    -2-

(quotation marks and citation omitted).  A privilege-holder "may elect to withhold or disclose, but after a certain point his election must remain final."  <u>Weil v. Investment / Indicators, Research and Mgmt., Inc.</u>, 647 F.2d 18, 24 (9th Cir. 1981) (quoting VIII J. Wigmore, <u>Evidence</u> § 2291, at 636 (McNaughton rev. 1961)).  Consistent with this authority, the Court excludes material that was withheld in discovery based on a claim of attorney-client privilege or the work product doctrine.  The Court, however, RESERVES ruling on the application of this ruling to specific exhibits until the time of trial given plaintiff's failure to produce the material for the Court's consideration as part of her motion in limine.

## 5.    Medical Records

Plaintiff moves to exclude plaintiff's medical records "that contain inadmissible hearsay statements and inadmissible opinion evidence."  Motion at 1.  Plaintiff, however, fails to identify the specific records to be excluded on this basis, stating that "[i]t is because defendants introduce voluminous records that plaintiff made a broad motion to exclude."  Reply at 2.  In response, defendants contend "[w]ithout further specificity, it is virtually impossible for defendants' [sic] to meaningfully respond to this motion."  Response at 2.  The Court agrees, and RESERVES its ruling on a record-by-record basis for trial.  Defendants' proposed introduction of "voluminous records" alone, is not a legitimate basis for plaintiff to file a pre-trial "broad motion to exclude."

## 6.    Investigation and Human Resource Files

Plaintiff also moves to exclude "files" that she claims are irrelevant or suffer from other "evidentiary problems," including exhibits:  563, 596, 597, 612, 614, 620, 659, 663, 689, 711, 716, 717, 723, 739, 752, and 755.  <u>See</u> Motion at 5-6.  In ruling on a motion in limine, the Court must decide the merits of introducing a piece of evidence or allowing testimony without the benefit of the context of a trial.  For this reason, Fed. R. Evid. 103 empowers the court to make "a definitive ruling on the record admitting or excluding evidence, either <u>at or before trial</u>."

ORDER GRANTING IN PART, DENYING IN
PART, AND RESERVING IN PART PLAINTIFF'S
GENERAL MOTION IN LIMINE                                    -3-

Fed. R. Evid. 103(a) (emphasis added).  Here, because the voluminous number of documents identified by plaintiff are not yet before the Court for review, the Court RESERVES ruling on the admissibility of these documents until they are individually offered at trial.

**7.    Underlying Statements of Witnesses Contained in Investigative and HR Files**

Plaintiff moves to exclude, as inadmissible hearsay, the human resource and University Complaint Investigation and Resource Office ("UCIRO") investigative files and chronologies that contain underlying statements from witnesses.  See Motion at 7.  In response, defendants contend that the "underlying statements of witnesses contained in investigative and human resources files are not being offered to prove the truthfulness of the statements contained therein, but rather to show that defendants conducted an investigation related to issues in the workplace and what information the [d]efendant relied upon in making their decisions." Response at 5.  Defendants also contend that the statements are being offered to demonstrate that defendants had a non-discriminatory basis for their actions, and what they relied upon in making their decisions related to Ms. Turner's claims against defendants." Id.  The Court DENIES plaintiff's motion to exclude this material but GRANTS plaintiff's motion to the extent that the Court will not consider the material for the truth of the matters asserted.

**8.    The UCIRO findings**

Plaintiff moves to exclude exhibit 715, the UCIRO investigation report because it is "biased" and because it is more prejudicial than probative under Fed. R. Evid. 403.  See Motion at 7.  The Court DENIES plaintiff's motion to exclude the UCIRO investigation report but GRANTS plaintiff's motion to the extent that the Court will not consider the material for the truth of the matters asserted.

**9.    Draft Termination Letters**

Plaintiff moves to exclude draft termination letters prepared by defendant Ratner presented as trial exhibits 707, 708, 709, 729, and 740 because plaintiff contends they contain

inadmissible hearsay and they are prejudicial.  <u>See</u> Motion at 8.  The Court DENIES plaintiff's motion to exclude this material but GRANTS plaintiff's motion to the extent that the Court will not consider the material for the truth of the matters asserted.

### 10.   Proposed Trial Exhibits 747, 748, and 756

Plaintiff moves to exclude trial exhibits 747, 748, and 756 as containing inadmissible hearsay.  <u>See</u> Motion at 9.  These exhibits consist of memos purportedly written by Jeri Staley-Earnst.  <u>See</u> Dkt. #39 (Madden Decl.), Ex. 5.  The Court DENIES plaintiff's motion to exclude this material but GRANTS plaintiff's motion to the extent that the Court will not consider the material for the truth of the matters asserted.

### 11.   Affirmative Defense

In her reply, plaintiff states: "[p]laintiff does not make a sexual harassment claim against Dr. Ratner, but does claim retaliation arising from her objections to his advances.  This claim was evident in the Complaint and defendant should be precluded from adding any new affirmative defenses."  Reply at 6.  In "Defendants' Motions In Limine" (Dkt. #23), they contend that plaintiff indicated for the first time in her pretrial statement that "she intends to make a claim '[a]gainst defendant Dr. Ratner – retaliation in violation of RCW 49.60 for objecting to unwanted acts and behaviors because of sex.'" Dkt. #23 at 6.  Based on this, defendants assert in their response that they "should be allowed to defend under <u>Faragher [v. City of Boca Raton</u>, 524 U.S. 775 (1998)] on the basis that plaintiff failed to avail herself of the University's multiple internal mechanisms to address such complaints."  Response at 9-10.  The Court finds that plaintiff's retaliation claim arising from plaintiff's alleged objections to defendant Ratner's advances was not clearly pleaded.  The allegations contained in paragraph 3.6 of the Complaint, titled "Rejection of Sexual Advances and Behaviors," were not tied to any specific cause of action.  <u>See</u> Dkt. #2 (Complaint).  And, plaintiff's retaliation claim, contained in paragraph 4.2 of the Complaint, only expressly identifies the "making of internal complaints

1  of discrimination" as a protected activity and does not specifically identify any "unlawful

2  conduct."  Id.  Accordingly, it is reasonable that defendants did not construe the retaliation claim

3  as including plaintiff's allegations concerning defendant Ratners' sexual advances and behavior.

4  For this reason, the Court DENIES plaintiff's motion to exclude "new affirmative defenses."

### 12.    Witnesses and Information Not Listed on Initial Disclosures

6        Plaintiff moves to exclude as witnesses Cynthia Long, Ramon Soliz, Alma Weightman,

7  and Kahreen Tebeau because plaintiff contends that defendants failed to provide "good contact

8  information until their pretrial statement."  Motion at 9.  Plaintiff also moves to exclude

9  Margaret Kramer, Cheryl Cromer-Ratner, Cecilia Giachelli, Clare Hannan, Jenine Honjiyo, Julie

10  Schmidt, and Jeannie Sprague because plaintiff contends that defendants failed to identify these

11  witnesses in their initial disclosures or in response to plaintiff's interrogatories and requests for

12  production.  Id.  In opposition, defendants claim that they provided plaintiff with the contact

13  information they had available for the witnesses identified above, and the identities of the other

14  witnesses became known during depositions in this case.  Response at 10.

15        Under Fed. R. Civ. P. 37(c)(1), "[a] party that without substantial justification fails to

16  disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to

17  discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use

18  as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."

19  Rule 26(e)(1) provides that "[a] party is under a duty to supplement at appropriate intervals its

20  disclosures under subdivision (a) if the party learns that in some material respect the information

21  disclosed is incomplete or incorrect and if the additional or corrective information has not

22  otherwise been made known to the other parties during the discovery process or in writing"

23  (emphasis added).  Similarly, Local General Rule 3(a) states:  "[i]f the court determines at the

24  time of trial that any party has failed to reveal the name of a witness or disclose an exhibit in the

25  pretrial order or during pretrial proceedings, the court may direct that the testimony of such

26

1    witness and/or such exhibit shall be inadmissible or may impose terms."

2         The Court finds that the contact information for Cynthia Long, Ramon Soliz, Alma

3    Weightman, and Kathreen Tebeau was appropriately disclosed to plaintiff and therefore her

4    motion to exclude these witnesses is DENIED.  See Dkt. #39 (Madden Decl.) at Ex. 6, Attach.

5    A.  The Court also finds that the identities of Margaret Kramer, Cheryl Cromer-Ratner, Cecilia

6    Giachelli, Clare Hannan, Jenine Honjiyo, Julie Schmidt, and Jeannie Sprague were made known

7    to plaintiff during deposition testimony.  Id. at Exs. 1-3; Response at 10-12.  Therefore,

8    plaintiff's motion to exclude these witnesses is also DENIED.

9         **13.    Imputation of Liability**

10        Plaintiff moves to preclude defendant from offering evidence for the purpose of showing

11   that defendant Ratner's position does not impute liability to the University of Washington

12   ("UW").  See Motion at 10.  Plaintiff makes this assertion based on her claim that defendants

13   have already admitted imputation of liability to UW based on admissions in defendants' answer

14   that defendant Ratner was "[t]he director of UWEB" and "the highest level manager of UWEB

15   and the supervisor of Ms. Turner."  Id.; Dkt. #2 (Complaint) at ¶1.3; Dkt. #5 (Answer) at ¶1.3.

16   Defendants oppose this motion in limine because they contend that it calls for a ruling as matter

17   of law that is not properly before the Court on plaintiff's motion in limine.  Response at 12.  The

18   Court agrees.  Whether or not there was a hostile work environment is a matter for trial.

19   Plaintiff's argument that liability is appropriately imputed to UW based on the actions of

20   defendant Ratner (to be presented at trial) and prior admissions is properly reserved for

21   plaintiff's trial brief.  Accordingly, plaintiff's motion in limine is DENIED.

22        For all of the foregoing reasons, "Plaintiff's General Motion In Limine" (Dkt. #26) is

23   GRANTED IN PART, DENIED IN PART, and RESERVED IN PART.

24   //

25   //

26   ORDER GRANTING IN PART, DENYING IN
     PART, AND RESERVING IN PART PLAINTIFF'S
     GENERAL MOTION IN LIMINE                        -7-

1

DATED this 10th day of October, 2007.

2

3

*Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING IN PART, DENYING IN
PART, AND RESERVING IN PART PLAINTIFF'S
GENERAL MOTION IN LIMINE                    -8-