HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FANAYE TURNER,<br><br>                Plaintiff,<br><br>      v.<br><br>UNIVERSITY OF WASHINGTON and BUDDY RATNER,<br><br>                Defendants. | NO.  CV05-1575L<br><br>PLAINTIFF'S RESPONSE TO NOTICE OF DEFENDANTS' BILL OF COSTS<br><br>NOTE ON MOTION CALENDAR:<br>**January 17, 2008** |

Plaintiff Fanaye Turner hereby objects to Defendants Bill of Costs for the reasons set forth below.

    A.    <u>Fees for Witnesses</u>.

Defendants seek reimbursement for witness lodging and meals far above the maximum per diem allowance proscribed by law.

Local Rule 54 provides in pertinent part: "The attendance, travel, and subsistence fees of witnesses, for actual and proper attendance, shall be allowed in accordance with 28 U.S.C. § 1821. . ." When an overnight stay is required because the court is so far from the witness' residence as to prohibit return thereto from day to day, "[a] subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the

PLAINTIFF'S RESPONSE TO NOTICE OF
DEFENDANTS' BILL OF COSTS (CV05-1575L) - 1

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX:  (206) 343-3961

Administrator of General Services, pursuant to section 5702(a) of title 5, for official travel in the area of attendance by employees of the Federal Government." 28 U.S.C. § 1821(d)(1).

Attached hereto is the U.S. General Services Administration Domestic Per Diem Rates for the State of Washington. Declaration of Katherine C. Chamberlain ("Chamberlain Dec"), Ex. 1. The maximum lodging rate for Seattle is $152 per night, excluding taxes. The maximum per diem for meals and incidental expenses is $64 per day ($12 for breakfast, $18 for lunch, $31 for dinner, and $3 for incidental expenses).

The Court may tax only those costs explicitly authorized by statute and only for the amounts authorized by statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (holding that "absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920.").

1. Hotel Stay

Plaintiff challenges the following bills for lodging:

$581.41 for the lodging of Cindy Long (2 nights). Dkt. No. 84, pg. 9.

$601.12 for the lodging of Alma Weightman (2 nights). Dkt. No. 84, pg. 10.

$665.12 for the lodging of Rita Jensen (2 nights)[1]. Dkt. No. 84, pg. 18, 19.

$323.68 for the lodging of Mike Keller (1 night).[2] Dkt. No. 84, pg. 9.

TOTAL: $2,171.33

---

[1] It appears that Defendants seek $665.12 for the lodging of Ms. Jensen. Although the hotel receipt states $711.36 as the total amount charged, an "Expense Reimbursement Form" indicates that that amount was reduced by $46.24 "for spouse." Dkt. No. 84, pgs. 18, 19.

[2] Defendants have submitted two Westin hotel receipts for Mike Keller's hotel stay, one for $323.68 and one for $569.08. Dkt. No. 84, pgs. 9, 14. Defendants' spreadsheet titled "Fees for Witnesses" indicates that they seek $577.50 for Mike Keller's hotel and subsistence. Dkt. No. 84, pg. 5. Defendants seek reimbursement of $253.82 for Mike Keller's "unreimbursed expenses." Dkt. No. 84, pg. 11. The amounts $323.68 (one of the hotel receipts) and $253.82 (the "unreimbursed expenses") total $577.50 (the amount stated on Defendants' spreadsheet). Therefore, Plaintiff assumes that Defendants are seeking reimbursement for $323.68 hotel stay.

PLAINTIFF'S RESPONSE TO NOTICE OF
DEFENDANTS' BILL OF COSTS (CV05-1575L) - 2

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961

First, Plaintiff objects to this bill for lodging because the amounts paid for lodging far exceed the statutory maximum. In total, Defendants request reimbursement for six (6) nights at approximately $280 or more[3] per night per person, excluding taxes. The maximum per diem lodging rate allowed by 28 U.S.C. § 1821 is $152 per night, and the amount to be taxed for six nights should, therefore, be $912 plus taxes.

Second, Plaintiff objects to this bill for lodging because several of Defendants' witnesses stayed two nights in Seattle where clearly only one night was necessary. "A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance *because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day*." 28 USC §1821(d)(1) (emphasis added).

Rita Jensen's testimony concluded on October 30 in the early afternoon. Chamberlain Dec., ¶ 4. Rita Jensen lives in Winthrop, Washington, approximately 244 miles from Seattle. Chamberlain Dec., Ex. 2. The hotel receipt for Rita Jensen indicates that she arrived on October 29 and departed on October 31. Dkt. No. 84, pg. 19. Ms. Jensen's home is not so far from the court as to prohibit her from returning thereto on the day she testified, October 30. Therefore, Plaintiff should not be taxed for Ms. Jensen's second night in the hotel.

Cindy Long was the first witness to testify on the morning of October 30, 2007. Her testimony concluded that morning. Chamberlain Dec, ¶ 4. The hotel receipt for Cindy Long's hotel stay indicates that she arrived on October 30 (the day she testified) and that she departed two days later on November 1, 2007. Dkt. No. 84, pg. 9. Plaintiff should not be taxed for the second night of Ms. Long's stay.

For these reasons, the maximum amount to be taxed against Plaintiff for witness lodging should be for $608.00 plus taxes (four (4) nights at $152 per night = $608.00).

---

[3] The exact room rate is not clear. In total, Defendants request reimbursement of $2,171.33 (this amount divided by 6 is $361.88 per night). Some of the hotel receipts are itemized and others are not. Those that are itemized, state $280 as the "room charge," while others state various amounts well over $280 and appear to include taxes and various other charges. *See* Dkt. 84, pgs. 9, 10, 14, and 19.

PLAINTIFF'S RESPONSE TO NOTICE OF
DEFENDANTS' BILL OF COSTS (CV05-1575L) - 3

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961

2. <u>Meals</u>

Defendants also have submitted to the Court meal costs exceeding the maximum per diem rate of $64 or the specific meal limits imposed by federal law.

Plaintiff challenges the following bills for meals:

  a) $70 for Mike Keller's October 30 dinner.

Pursuant to 28 U.S.C. § 1821(d)(1) and the U.S. General Services Administration Domestic Per Diem Rates for the State of Washington, the maximum amount that may be taxed for a dinner is $31, therefore, the amount taxed for this meal should be $31.

  b) $26.90 for Mike Keller's October 31 lunch.

The maximum that may be taxed for a lunch is $18.  Therefore, the amount taxed for this meal should be $18.  28 U.S.C. § 1821.

  c) $32 for Mike Keller's October 31 dinner.

Defendants did not submit a receipt for this meal to the court.  Defendants failed to prove that this cost was incurred.  Therefore, Plaintiff should not be taxed for this meal.

  d) $5.20 for Mike Keller's October 31 breakfast.

Defendants did not submit a receipt for this meal to the court.  Defendants failed to prove that this cost was incurred.  Therefore, Plaintiff should not be taxed for this meal.

  e) $36.50 for Rita Jensen's meals.

Defendants did not submit receipts for any of Rita Jensen's meals.  Defendants failed to prove that these costs were incurred.  Therefore, Plaintiff should not be taxed for these meals.

  f) $55.25 for Alma Weightman's October 30 dinner.

The maximum amount that may be taxed for a dinner is $31.  Therefore, the amount taxed for this meal should be $31.  28 U.S.C. § 1821.

PLAINTIFF'S RESPONSE TO NOTICE OF
DEFENDANTS' BILL OF COSTS (CV05-1575L) - 4

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX:  (206) 343-3961

In total, Defendants seek reimbursement of $547.8 for "subsistence."[4]  For the reasons stated above, the amount taxed against Plaintiff for witness meals should be only $401.95.

B. <u>Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case.</u>

The clerk may tax as costs the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920.  Defendants have submitted to the clerk a Bill of Costs that includes fees of $3,196.50 for the original written transcript of the deposition of Fanaye Turner as well as the original video set of the deposition of Fanaye Turner.  These are $1,879.00 and $1,317.50 respectively.

Defendants are not entitled to both the costs of transcribing and videotaping a deposition unless they can show that one would not have been sufficient for use in the case. *See Cherry v. Champion*, 186 F.3d 442, 448-49 (4th Cir. 1999) (holding that a defendant is not entitled to recovery of both the cost of the video and the transcript of a deposition where it failed to make a showing why either a video or a transcript would not have been sufficient).  "The concept of necessity for use in the case connotes something more than convenience or duplication to ensure alternative methods for presenting materials at trial." *Id*. at 449; *see also Nederhiser v. Foxworth*, 2007 U.S. Dist. LEXIS 34196 (D. Or. 2007).  Defendants cannot make such a showing.  This was a bench trial and the videotape was of marginal, if any, value.  It was used only once and in the opening.  It had <u>no</u> evidentiary value.  Therefore, the costs of the videotape ($1,317.50) may not be taxed against Plaintiff.

C. <u>Fee for Service of Subpoena</u>

Defendants seek reimbursement for the "Service of Subpoena for Medical Records from Jonathan Kantor" of $170.00.  Fees for service of subpoenas are not included on the list of

---

[4] Defendants do not list a total amount sought for subsistence only.  Defendants' spreadsheet lists "hotel and subsistence" together with a total of $2719.13.  As stated above, it appears that Defendants seek $2,171.33 for lodging and therefore $547.80 for meals ($2,171.33 +547.80 = $2,719.13).

PLAINTIFF'S RESPONSE TO NOTICE OF
DEFENDANTS' BILL OF COSTS (CV05-1575L) - 5

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961

expenses the court may tax as costs. *See* 28 USC §1920.[5] Absent express statutory authorization, the Court may only tax costs as specifically authorized by 28 USC §1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-445 (1987). Therefore, the cost of service of the subpoena may not be taxed against Plaintiff.

For these reasons, any costs awarded to Defendants must be limited as outlined above.

DATED this 14th day of January, 2008.

MacDONALD HOAGUE & BAYLESS

By  */s/ Katherine C. Chamberlain*
    Andrea Brenneke, WSBA #22027
    Katherine C. Chamberlain, *Pro Hac Vice*
    Attorneys for Plaintiff

---

[5] Section §1920 provides as follows:
"A judge or clerk of any court of the United States may tax as costs the following:
 (1) Fees of the clerk and marshal;
 (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
 (3) Fees and disbursements for printing and witnesses;
 (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
 (5) Docket fees under section 1923 of this title [28 USCS § 1923];
 (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 USCS § 1828].
A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

PLAINTIFF'S RESPONSE TO NOTICE OF
DEFENDANTS' BILL OF COSTS (CV05-1575L) - 6

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961

**CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2008, I electronically filed the foregoing to the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Michael Madden**
  mmadden@bbllaw.com,ecf@bbllaw.com
- **Marie Renee Westermeier**
  mwestermeier@bbllaw.com,ecf@bbllaw.com

By  */s/ Katherine C. Chamberlain*
Andrea Brenneke, WSBA No. 22027
abrenneke@mhb.com
1500 Hoge Building
705 Second Avenue
Seattle, WA  98104-1745
Phone:  206-622-1604
Fax:  206-343-3961
Attorneys for Plaintiff

PLAINTIFF'S RESPONSE TO NOTICE OF
DEFENDANTS' BILL OF COSTS (CV05-1575L) - 7

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX:  (206) 343-3961